FILED
FEB 5 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br>    Plaintiff<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MERRICK GARLAND, in his official capacity as Attorney General of the United States; and UNITED STATES DEPARTMENT OF JUSTICE,<br>    Defendants. | Civil Cause No.<br>2:23-CV-00024-AM |

## ORDER

Pending before the Court is the Plaintiff's Unopposed Motion for Leave to File Amended Complaint (hereinafter, "the Motion to Amend") pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 23.) Also pending before the Court is the Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 18.) After carefully considering the filings and relevant law, the Court **GRANTS** the Plaintiff's request for leave to amend the complaint and thus finds that the Defendants' Motion to Dismiss is **DENIED without prejudice**.

### I. BACKGROUND

This case arises out of dispute between Plaintiff State of Texas and Defendants Alejandro Mayorkas, in his official capacity as Secretary of Department of Homeland Security; the United States Department of Homeland Security (DHS); Merrick Garland, in his official capacity as Attorney General of the United States; and the United States Department of Justice (DOJ) (collectively, "the Defendants") over a new rule promulgated by DHS and DOJ to address an influx of migrants at the southwest U.S.-Mexico border. (Pl.'s Comp., ECF No. 1.) According to the

1

Complaint, the rule allows migrants who have traveled to Mexico to download and use a mobile application (the "CBP One app") to schedule an appointment to present at a Port of Entry (POE), thereby crossing the border illegally. (Pl.'s Comp., ECF No. 1 at 1, 5-8.) On May 15, 2023, the Defendants jointly issued the Final Rule, the Circumvention of Lawful Pathways, with an effective date of May 11, 2023. (*Id.* at 5) (citing 88 Fed. Reg. 31,314.) The Plaintiff seeks to enjoin the Defendants' Final Rule under the Administrative and Procedure Act (APA). (*Id.* at 11-17.) On August 30, 2023, the Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (ECF No. 20.) On September 12, 2023, the Court granted the Plaintiff's Unopposed Motion to Extend its response to the Motion to Dismiss for 60 days. (ECF No. 22.) Now before the Court is the Plaintiff's Unopposed Motion to Amend the Complaint, filed on November 10, 2023.[1] (ECF No. 23.)

## II. ANALYSIS

Rule 15(a) of the Federal Rules of Civil Procedure provides how a party may amend its pleadings before trial. Pleadings may be amended once as a matter of course within 21 days after service, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. Rule 15(a)(1). Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires. Fed. R. Civ. P. Rule 15(a)(2).

Given the consequences of dismissal on the complaint alone and the preference for adjudication on the merits, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or

---

[1] The Plaintiff has also filed a second Motion for Extension of Time to respond to the Motion to Dismiss, in the event the Court denies its Motion to Amend. (ECF No. 25.) The Defendants do not oppose this request. (ECF No. 27.)

the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002). Courts "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Furthermore, the Fifth Circuit has held that Rule 15(a) provides a "strong presumption in favor of granting leave to amend." *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006); *accord Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (courts must grant leave "unless there is a substantial reason to deny leave to amend.").

In this case, the Plaintiff asserts several reasons to amend its complaint under Rule 15(a)(2), which the Court finds are sufficient to grant the Plaintiff's request for leave because justice so requires. First, the Plaintiff seeks to amend the complaint to "assert *ultra vires* causes of action related to the use and implementation of the "DHS scheduling system" memorialized in the . . . CBP One app." (ECF No. 23 at 1) (citing 88 Fed. Reg. 31,322.) Second, the Plaintiff seeks to bring new causes of action based on information released by the U.S. House of Representatives Committee on Homeland Security on October 23, 2023. (*Id.* at 1-2.) Finally, the Plaintiff represents it "does not file this Motion for purposes of delay, and no scheduling order will be disturbed by the entry of an amended complaint." (*Id.* at 2.) Although the Defendants did not provide written consent to the Plaintiff's request, the Motion to Amend is unopposed, and the Defendants did not file a response. Thus, there is no evidence or argument before the Court to

suggest that the Plaintiff has acted in bad faith or dilatory motive in making its request. Additionally, this is the Plaintiff's first request to amend the complaint, and no scheduling order has been entered in this cause, on the Defendants' request, so allowing the Plaintiff a short, additional period to re-plead and attempt to cure the deficiencies will not cause undue delay of the proceedings or undue prejudice to the Defendants. *See Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010). Therefore, under the strong presumption in favor of granting leave to amend, the Court grants the Plaintiff's request to amend the complaint because justice so requires. *See Fin. Acquisition Partners, LP*, 440 F.3d at 291.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Plaintiff's Unopposed Motion to Amend the Complaint [ECF No. 23] is **GRANTED,** and the Defendants' Motion to Dismiss [ECF No. 18] is **DENIED without prejudice.**

**It is further ORDERED** that the Plaintiff shall have **thirty (30) days** from the date of this order within which to amend the complaint. The Plaintiff is on notice of any deficiencies that may remain and is on notice to plead its "best case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). No additional requests for leave to amend will be granted without cause. The Defendants shall have **thirty (30) days** from the date the amended complaint is filed to file a motion testing the sufficiency of the amended complaint or, if the Plaintiff does not amend the complaint, to re-assert a motion to dismiss the Plaintiff's complaint as originally pleaded. Therefore, the Defendant's motion before this Court is **MOOT**.

SIGNED on this 5th day of February 2024.

ALIA MOSES
Chief United States District Judge