UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

STATE OF TEXAS
    *Plaintiff*,

v.

ALEJANDRO MAYORKAS, in his official capacity as Secretary of Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MERRICK GARLAND, in his official capacity as Attorney General of the United States, UNITED STATES DEPARTMENT OF JUSTICE,
    *Defendants*.

No. 2:23-CV-00024

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants argue that *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), and *Murthy v. Missouri*, 144 S.Ct. 1972 (2024), suggest Texas lacks standing. Not so.

The Fifth Circuit has held—*repeatedly*—that Texas has standing in this context. *See Texas v. United States (DACA)*, 50 F.4th 498, 513–20 (5th Cir. 2022) (holding that Texas has standing to challenge agency action related to immigration when it "inflicts pocketbook injuries on the State in the form of healthcare, education, and social services costs"); *Texas v. United States (DAPA)*, 809 F.3d 134, 150–62 (5th Cir. 2015) (holding that "the states are within the zone of interests of the Immigration and Nationality Act"), *aff'd by an equally divided Court*, 579 U.S. 547 (2016). The federal government does not—indeed, cannot—contend that *Hippocratic Medicine* or *Murthy* "unequivocally overrule" those prior holdings. *Martinelli v. Heart Newspapers, L.L.C.*, 65 F.4th 231, 234 (5th Cir. 2023).

Moreover, both *Hippocratic Medicine* and *Murthy* underscore why Texas has standing. In

*Hippocratic Medicine*, the Court rejected standing because the alleged injuries were "too speculative or otherwise attenuated."602 U.S. at 390. And in *Murthy*, the Court rejected the Fifth Circuit's dispensation of standing "in gross" because it treated "defendants, plaintiffs, and platforms each as a unified whole." 144 S.Ct. at 1988. Here, by contrast, there is a direct link between the Final Rule and its use of the CBP One app and Texas being required to spend millions of dollars in services. *See* Dkt. 30 at 15; Dkt. 40 at 9.

Indeed, the Final Rule expressly contemplates that "border states," like Texas, will "absorb releases from CBP border facilities and provide support to the migrant community." 88 Fed. Reg. 31,325. "[T]o thread the causation needle," Texas need only show that "third parties will likely react in predictable ways that in turn will likely injure the [State]." *Hippocratic Medicine*, 602 U.S. at 383 (cleaned up). Already, the Final Rule's use of the CPB One app has resulted in 95.8% of all inadmissible aliens who scheduled appointments through the CBP One app being released into the United States on parole.[1] Where, as here, it is "sufficiently predictable how third parties would react to government action or cause downstream injury to [Texas]," the State has standing. *Hippocratic Medicine*, 602 U.S. at 383 (cleaned up). Nor is this litigation remotely like "[t]eachers in border states" suing "to challenge allegedly lax immigration policies that lead to overcrowded classrooms." *Id.* at 392. Rather, this is a massive economic incursion upon a co-equal sovereign. *Cf. Dep't of Commerce v. New York*, 588 U.S. 752, 766–68 (2019). Even so, "for standing purposes, a loss of even a small amount of money is ordinarily an injury." *DACA*, 50 F.4th at 518 (cleaned up).

---

[1] *New Documents Obtained by Homeland Majority Detail Shocking Abuse of CBP One App*, U.S. House of Representatives, https://homeland.house.gov/2023/10/23/new-documents-obtained-by-homeland-majority-detail-shocking-abuse-of-cbp-one-app/ (October 23, 2023).

Texas has pled a right to relief "above the speculative level," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and neither the Court's holding in *Hippocratic Medicine* nor *Murthy* disturb such a finding.

Dated July 15, 2024.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully submitted.

*/s/ Amy Snow Hilton*
**AMY SNOW HILTON**
Special Counsel
Tex. State Bar No. 24097834
Amy.Hilton@oag.texas.gov

**COUNSEL FOR THE STATE OF TEXAS**

Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-4139

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on July 15, 2024, and that all counsel of record were served by CM/ECF.

*/s/ Amy Snow Hilton*
**AMY SNOW HILTON**